IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NGX COMPANY,

    Plaintiff,

vs.                                                       Civil No. 05-1120 WJ/RLP

G.B. PETROLEUM SERVICES, L.L.C.,
GREAT BASIN PETROLEUM SERVICES, L.P.,
and GREAT BASIN PETROLEUM SERVICES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court pursuant to NGX Company's Motion for Summary Judgment as to its Claim for Lien Cancellation and Great Basin Petroleum Services, L.P.'s Claim for Lien Foreclosure (Doc. 33). Having reviewed the submissions of the parties and being fully advised on the relevant law, I find the motion is not well taken and will be denied.

**BACKGROUND**

Plaintiff filed its initial Complaint in this matter on October 21, 2005. In its Complaint, Plaintiff alleged that G.B. Petroleum Services, L.L.C. ( the LLC) had a contract with Plaintiff to provide oil field brine hauling services to Plaintiff for its oil wells.[1] Complaint ¶ 5. Plaintiff alleged that the LLC improperly disposed of brine, agreed to clean up the brine, and agreed that Plaintiff should not have to pay for the clean up. Complaint ¶¶ 9-12. Plaintiff alleged that the LLC submitted invoices to it for disposal of brine that had been disposed of improperly.

---

[1] The Court recognizes that Defendants have disputed these allegations, and the Court is not adopting these allegations as findings of fact for purposes of this motion. The Court is merely reciting some of the allegations in the Complaint to provide a procedural framework.

Complaint ¶ 14.  According to Plaintiff, the LLC filed a lien against Plaintiff's wells on June 24, 2005 for nonpayment of brine hauling services that included the improper brine disposal.

On December 28, 2005, the LLC filed an Answer to Plaintiff's Complaint. See Docket No. 7. In that Answer, the LLC denied having a contract with Plaintiff and affirmatively stated that Great Basin Petroleum Services L.P. (the Partnership) d/b/a Great Basin Petroleum Services, Inc. (the Corporation), provided services to Plaintiff.  Docket No. 7 ¶ 4.  The LLC denied the remaining allegations recited above from Plaintiff's Complaint.  Docket No. 7 ¶ 7.

On March 14, 2006, Plaintiff filed its First Amended Complaint.  See Docket No. 19.  The Amended Complaint added the Partnership and the Corporation as Defendants.  It essentially alleged the same facts as recounted above, but alleged them against the LLC, the Partnership and the Corporation.  On April 14, 2006, Defendants filed an Answer to the Amended Complaint. See Docket No. 30.  In response to the allegation of a contract between Plaintiff and Defendants, Defendants answered that the Partnership, acting through its general partner the LLC, provided services to Plaintiff.  Docket No. 30 ¶ 5.  Defendants also answered that the Partnership, acting through the LLC, filed a lien on or about June 24, 2005 against the Plaintiff.

The LLC is a Texas limited liability company.  The Partnership is a Texas limited partnership.  The LLC is the general partner of the Partnership.  The lien was prepared by Joe Molina who averred that he was a member of the LLC and that the LLC is the general partner of the Partnership d/b/a the Corporation.  See Lien, attached as Exhibit A to Docket No. 8.  Mr. Joe Molina also averred that, as a member of the LLC, he was authorized by the LLC to make the affidavit and claim.  The lien states that it is executed for the purposes of saving the lien of  the LLC, that the LLC is claiming a lien for labor performed and for furnishing and hauling materials,

equipment and supplies to and for Plaintiff, that labor and materials were furnished by virtue of a contract between the LLC and Plaintiff, and that the LLC claims a lien for the amount due to the LLC.  The affidavit is signed by Joe Molina as a member of the LLC.

Plaintiff filed the instant motion for summary judgment arguing that it is entitled to summary judgment on its claim for lien cancellation and on the Partnership's claim for lien foreclosure based on an admission in the LLC's original Answer to Plaintiff's initial Complaint and because the Partnership is not the claimant on the lien so cannot foreclose the lien.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000).  In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  Gossett v. Oklahoma ex rel. Bd. of Regents for Langston University, 245 F.3d 1172, 1175 (10th Cir. 2001).  In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party.  Worrell, 219 F.3d at 1204.

**DISCUSSION**

I.    ARE DEFENDANT LLC'S STATEMENTS IN ITS INITIAL ANSWER JUDICIAL ADMISSIONS THAT VOID THE LIEN?

Generally, a party's admissions in the pleadings are binding judicial admissions unless withdrawn or amended.  Underberg v. U.S., 362 F.Supp.2d 1278, (D.N.M. 2005) (citing Missouri

Housing Development Com'n v. Brice, 919 F.2d 1306, 1314-15 (8th Cir. 1990)).  While an earlier inconsistent pleading may be admissible at trial as evidence of inconsistent declarations, an amended pleading does supersede the earlier pleading for purposes of defining the issues to be tried and is no longer a binding judicial admission.  Raulie v. U.S., 400 F.2d 487, 526 (10th Cir. 1968) (citing Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, 32 F.2d 195, 198 (2nd Cir. 1929) in which the court stated that "[w]hen a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent").[2]

In accordance with the above stated law, the LLC's admissions in its original Answer filed December 28, 2005 were superseded by the Answer filed by all Defendants April 14, 2006, and the admissions in the earlier Answer are not binding judicial admissions.  Accordingly, Plaintiff is not entitled to summary judgment on its claim for lien cancellation and Defendants' claim for lien foreclosure on the basis of these admissions.

II.     IS PLAINTIFF NOT ENTITLED TO SUMMARY JUDGMENT BASED ON ITS ARGUMENT THAT THE PARTNERSHIP CANNOT FORECLOSE THE LIEN?

Plaintiff argues, without supporting authority, that the Partnership cannot seek to foreclose the lien because the LLC, and not the Partnership, is the claimant on the lien.  Under Texas law, a general partner in a limited partnership has the rights, power, restrictions and

---

[2]The Court recognizes that both of these cases are very old.  The Second Circuit case, decided in 1929, predates the 1937 adoption of the Federal Rules of Civil Procedure.  However, the Tenth Circuit case was decided many years after the Federal Rules of Civil Procedure were adopted and appears to be the most recent statement on this issue in the Tenth Circuit.  It was cited by the Tenth Circuit as recently as March 14, 2006 for the proposition that a pleading is an admission.  See Rooms v. S.E.C., 444 F.3d 1208, 1213 (10th Cir. 2006).

liabilities of a partner in a partnership without limited partners. Tex. Bus. Orgs. Code Ann. § 153.152(a) (2006). In a partnership without limited partners, each partner is an agent of the partnership for purposes of its business. Tex. Bus. Orgs. Code Ann. § 152.301 (2006). Property that is acquired in the name of a partner is property of the partnership if the instrument indicates the partner's capacity as a partner. Tex. Bus. Orgs. Code Ann. § 152.102(a).

The lien was executed by Mr. Joe Molina as a member of the LLC with authority to act for the LLC. The lien clearly indicates that the LLC is a general partner of the Partnership. Thus, the lien was entered into by a general partner of the Partnership which acted in its capacity of general partner and agent of the partnership. Thus, the lien and the right to enforce the lien belong to the Partnership. Accordingly, Plaintiff is not entitled to summary judgment on its claim for lien cancellation and Defendants' claim for lien foreclosure on the basis that the Partnership is not the named claimant on the lien.

**CONCLUSION**

IT IS THEREFORE ORDERED that NGX Company's Motion for Summary Judgment as to its Claim for Lien Cancellation and Great Basin Petroleum Services, L.P.'s Claim for Lien Foreclosure (Doc. 33) is hereby DENIED.

```
_____
UNITED STATES DISTRICT JUDGE
```