IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NGX COMPANY,

    Plaintiff,

vs.                                                                        Civil No. 05-1120 WJ/RLP

G.B. PETROLEUM SERVICES, L.L.C.,
GREAT BASIN PETROLEUM SERVICES, L.P.,
and GREAT BASIN PETROLEUM SERVICES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S
CLAIMS FOR COMMON LAW AND STATUTORY TRESPASS**

        THIS MATTER comes before the Court pursuant to Defendants' Motion for Summary Judgment as to NGX Company's Claims for Common Law Trespass and Statutory Trespass (Doc. 128).  Having reviewed the parties submissions and being fully advised on the law, I conclude the motion is well taken in part and will be granted in part and denied in part.

**BACKGROUND**

        Plaintiff's Second Amended Complaint alleges that Defendants had a contract with Plaintiff to haul produced water from NGX oil wells and that Defendants improperly disposed of produced water in a workover pit at one of NGX's work sites.  The causes of action brought by Plaintiff include claims for statutory trespass and common law trespass.  Viewing the evidence in a light most favorable to Plaintiff as the nonmovant, the facts may be summarized as follows.

At the time relevant to this case, Plaintiff operated oil and gas wells including the Tecolote State #1 (Tecolote) well which was producing oil, and the Experimental State #1 (Experimental) well which was not producing oil but was flowing gas. Both of these wells are on state land referred to as the "Sandpoint" lease. Plaintiff operated these wells under an oil and gas lease from the State of New Mexico.

The lease is dated February 1, 1988 and was initially entered into between the New Mexico Commissioner of Public Lands and Manzano Oil Corporation (Manzano). The lease was eventually assigned to Energex Company, the predecessor to Plaintiff. The lease is a "development form" lease used by the State Land Office in accordance with N.M. Stat. Ann. 1978 § 19-10-4.3. The lease "grant[ed]" and "lease[d]" to Manzano "exclusively" 908.2 acres of land at Section 2, Township 21 South, Range 28 East for the "sole and only purpose of exploration, development and production of oil or gas . . . together with the rights-of-way, easements and servitudes for pipelines, telephone lines, tanks, power houses, stations, gasoline plants and fixtures for producing, treating and caring for such products, and housing and boarding employees, and any and all rights and privileges necessary, incident to or convenient for the economical operation of said land, for oil and gas . . . ." The lease gave the lessee "the right to own all oil and gas so produced" subject to the State's overriding royalty interest; Further, it provided that the lessee would become "liable . . . for all damages to the range . . . or improvements caused by lessee's operations on [the] land[]." The lease added that the lessee and its contractors would be required "at their own expense" to "fully comply with all laws, regulations, [and] rules . . . of . . . state . . . authorities and agencies, in all matters and things affecting the premises and operations thereon which may be enacted or promulgated under the governmental police powers pertaining to public

health and welfare, including but not limited to conservation, sanitation, aesthetics, pollution, . . . and ecology." Plaintiff had no fee or leasehold interest in the surface of the Sandpoint lease, but had the exclusive right to exploit the tract's oil and gas resources, along with the exclusive right to use as much of the surface of the Sandpoint as was "necessary . . . or convenient for" oil and gas exploration, development, and production, including the right to build and use structures ranging from pipelines to living quarters.

Because the Experimental well was not producing oil and thus not producing water, Plaintiff never called upon Defendants to haul produced water from this well site prior to March 2005.[1] Plaintiff did call upon Defendants to haul water from the Tecolote well. Plaintiff's pumper would call Defendants' truck yard in Carlsbad and request a truck to come to the Sandpoint to remove water. Produced water from the Tecolote well was piped to a tank battery located at a third well, the State 1, where Defendants collected it. Defendants' drivers could reach the State 1 tanks from the Hobbs Highway. The Experimental well lay half a mile farther south on a lease road that led nowhere other than the Experimental site and ended there. The Experimental well was invisible both from the highway entrance to the lease and from the State 1. The only people that had any business at the Experimental site prior to March 2005 were Plaintiff's pumper or the meter person to check the gas meter. The lease roads leading to the Tecolote well and to the Experimental well are neither gated nor posted with a "No Trespassing" sign.

---

[1]As noted in this Court's Memorandum Opinion and Order filed March 30, 2007 (Doc. 170), viewing the facts in a light most favorable to Plaintiff, the alleged improper disposal of produced water at the Experimental pit occurred in late 2004 or early 2005, and Plaintiff's president became aware of this in early 2005.

Defendants contend that they contracted with Plaintiff to haul water from Plaintiff's wells and thus had express permission from Plaintiff to enter onto the Sandpoint lease. Defendants also contend that the road to the Experimental site is open to the public. Plaintiff counters that the permission to enter was for the purpose of traveling from the Hobbs Highway to the water collection point at State 1, and Defendants had no express permission nor any legitimate reason to go to the Experimental site. Plaintiff also states that the roads are not open to the public because they are lease roads.

Defendants filed the instant motion for partial summary judgment arguing that Plaintiff cannot maintain an action for common law or statutory trespass because it has no exclusive or possessory interest in the Sandpoint lease. Additionally or alternatively, Defendants argue that Plaintiff cannot maintain an action for trespass because their entry onto the Sandpoint was permissive.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000). The burden of showing an absence of a genuine issue of material fact falls upon the moving party. See Adler v Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998). However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Adler, 144 F.3d at 671. The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial

4

sufficient to support a verdict for the nonmovant. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Sierra Club v. El Paso Gold Mines, Inc., 421 F.3d 1133, 1150 (10th Cir. 2005). In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party. Worrell, 219 F.3d at 1204.

**DISCUSSION**

I.  DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S COMMON LAW TRESPASS CLAIM ON THE BASIS THAT PLAINTIFF DID NOT HAVE A SUFFICIENT POSSESSORY INTEREST IN THE WORKOVER PIT

Defendants contend that they are entitled to summary judgment on Plaintiff's common law trespass claim because Plaintiff's interest in the land on which its wells are located is a non-exclusive, non-possessory right to use the land. Plaintiff counters that its property interest in the workover pit was sufficient to support an action for trespass.

Under New Mexico law, an oil and gas lease grants the lessee an interest in real estate. Christy v. Petrol Resources Corp., 691 P.2d 59, 62 (N.M. App. 1984) (citing Fullerton v. Kaune, 382 P.2d 529 (N.M. 1963) and Vanzandt v. Heilman, 214 P.2d 864 (N.M. 1950)). An oil and gas lease generally grants the lessee a fee simple determinable interest in the subsurface minerals within a designated area. Maralex Resources, Inc. v. Gilbreath, 76 P.3d 626, 630 (N.M. 2003). By implication, the lessee gains the right to enter upon and use as much of the surface as may be

necessary for the lessee's operations with regard to the subsurface minerals. Kysar v. Amoco Prod. Co., 93 P.3d 1272, 1278 (N.M. 2004) (citing Amoco Prod. Co. v. Carter Farms, 703 P.2d 894, 896 (N.M. 1985)). This implied right to use the surface estate is characterized as an easement by necessity. Kysar, 93 P.3d at 1278. An easement is a non-possessory right. See Hernandez v. Cabrera, 759 P.2d 1017, 1019 (N.M. App. 1988). Thus, a mineral lessee's interest in the subsurface minerals is possessory while its interest in the use of the surface estate is non-possessory.

There is no doubt that the owner of an easement has remedies for interference with or obstruction of its easement. See e.g., Huff v. McClannahan, 557 P.2d 1111 (N.M. App. 1976). The issue here is whether a claim designated as one for "trespass" will lie and whether a defendant to such a claim is entitled to summary judgment if such a claim will not lie.

In asserting that Plaintiff cannot bring a cause of action for trespass because its interest in the surface estate was not possessory, Defendants rely on case law from other jurisdictions that have held that the an action for trespass will not lie for interference with or obstruction of an easement because an owner of an easement does not have exclusive possession of the land. The Court's own research confirms that many jurisdictions have held that a claim of trespass is not the proper cause of action to enforce rights under an easement; however, many of these jurisdictions simply note that the correct cause of action is "trespass on the case", "trespass to chattels", or nuisance. Among the jurisdictions that have recently noted that an action for trespass is not the proper claim to enforce the infringement of an easement are Michigan, Florida, Maine and

Missouri.[2]  A few jurisdictions such as Oregon, New Jersey, Georgia and Texas have noted the distinction in less recent cases.[3]  Other jurisdictions such as Maryland, New Hampshire and Rhode Island discussed the distinction in the late nineteenth and early twentieth century.[4]  With regard to the cases decided in the 19th and early 20th century, they were obviously decided before modern rules of civil procedure regarding notice pleading were in place.  With regard to the remaining cases, many did not dismiss claims of trespass even while noting that the claim was not the correct

---

[2] D & T Constr. Co. v. McVickers Shelby, L.L.C., Civil No. 06-10533, 2006 WL 3447083 (E.D. Mich. Nov. 28, 2006) (unpublished opinion) (dismissing a trespass claim brought by an easement owner because a claim of trespass will not lie to enforce rights under an easement) (citing Adams v. Cleveland-Cliffs Iron Co., 602 N.W.2d 215, 219, 220 (Mich. App. 1999)); Winselmann v. Reynolds, 690 So.2d 1325 (Fla. App. 1997) (holding that the proper cause of action for interference with an easement is trespass on the case); Fine Line, Inc. v. Blake, 677 A.2d 1061 (Me. 1996) (stating that an obstruction of a right of way is a private nuisance and not a trespass); Gilbert v. K.T.I., Inc., 765 S.W.2d 289, 293 (Mo. App. 1988) (relying on a Missouri Supreme Court case decided in 1910, holding that an easement is a nonpossessory interest, and an easement owner seeking a court's protection of the easement may not bring an action such as trespass which is traditionally for the protection of possessory interests).

[3] Rogers v. Donovan, 492 P.2d 768 (Or. 1972) (noting that a Plaintiff's complaint alleging trespass for servient estate owner's interference with easement was incorrectly pleaded because trespass will not lie for interference with an easement); American Metal Co. v. Fluid Chemical Co., 296 A.2d 348 (N.J. Super. Ct. Law Div. 1972) (noting that some courts recognize trespass as an action to recover damages for interference with an easement, that the more common approach is to regard interference with an easement as trespass on the case, but that the distinction is academic and the action sounds in tort); Sams v. Young, 124 S.E.2d 386 (Ga. 1962) (appropriate remedy for interference with easement is trespass on the case, not trespass); City of Mission v. Popplewell, 294 S.W.2d 712 (Tex 1956) (easement owner does not have such a possessory right in land as to make an action in trespass an appropriate remedy).

[4] Metaxas v. Easton Pub. Co., 140 A. 603 (Md. 1928) (Proper remedy for interference with an easement is trespass on the case and not trespass or ejection); Smith v. Wiggin, 48 N.H. 105 (N.H. 1868) (an action for ejectment will not lie for interference with an easement and, while an action for trespass might be appropriate, the more approved remedy is an action of trespass on the case); ; Schaeffer v. Brown, 50 A. 640, 641-42 (R.I. 1901) (noting differences among causes of action for trespass to try title, trespass quare clausum to protect a right of possession, and trespass on the case for obstruction of an easement).

legal theory on which the party should have sought relief.[5] Only in Michigan and Florida have trespass actions brought for obstruction of easements been dismissed, notwithstanding modern notice pleading, on the theory that an easement is not a possessory interest in land for which an action in trespass may be brought.[6] Contrasting this rather thin support for dismissing a common law trespass claim brought for interference with an easement, at least seven jurisdictions including Nebraska, Colorado, New York, Ohio, North Carolina, West Virginia and Pennsylvania have permitted easement owners to recover for infringement of a right-of-way through an action in trespass.[7]

---

[5]Fine Line, Inc. v. Blake, 677 A.2d 1061 (Me. 1996) (concluding that award of attorneys' fees for statutory trespass was error where there was no proof of property damage or removal and adding the additional note that the action was for nuisance rather than trespass); Gilbert v. K.T.I., Inc., 765 S.W.2d 289, 293 (Mo. App. 1988) (although jury was incorrectly instructed on ejectment for interference with an easement, there was no prejudice because instructions accurately described the protected interest as an easement and counsel's arguments during closing essentially argued the elements of a claim of nuisance which was a proper theory for recovery of damages for interference with an easement); Rogers v. Donovan, 492 P.2d 768 (Or. 1972) (in spite of incorrect pleading, holding that the determination of plaintiff's claim at law would provide an adequate adjudication of the issues and precluded the defendant's countersuit in equity); American Metal Co. v. Fluid Chemical Co., 296 A.2d 348 (N.J. Super. Ct. Law Div. 1972) (stating that distinction between trespass and trespass on the case for action alleging interference with easement was academic and holding that tort damages that had been awarded were properly calculated); Sams v. Young, 124 S.E.2d 386 (Ga. 1962) (easement owner sought injunction for defendant's continuing trespass and defendant demurred; lower court granted demurrer and Georgia Supreme Court reversed on grounds that equity would enjoin a continuing trespass; on motion for rehearing, Court ruled that action for trespass on the case rather than trespass was proper then denied the motion for rehearing).

[6]D & T Constr. Co. v. McVickers Shelby, L.L.C., 2006 WL 3447083 (E.D. Mich. Nov. 28, 2006) (unpublished opinion); Winselmann v. Reynolds, 690 So.2d 1325 (Fla. App. 1997).

[7]O'Connor v. Kaufman, 616 N.W.2d 301, 310 (Neb. 2000) (in ruling on surface owner's argument that injunctive relief for easement owner was not appropriate because easement owner obtained damages for trespass, court concluded that injunction was appropriate because action for trespass only entitled easement owner to damages and would not protect right to future non-interference); St. Jude's Co. v. Roaring Fork Club, L.P., 15 P.3d 281, 283, 284 (Colo App 1999)

No modern case from the New Mexico state courts has addressed whether rights pursuant to an easement may be enforced through an action in trespass.  While both parties cite to several New Mexico cases to emphasize particular points in their arguments, none of these cases is very helpful on the more general question.  In a federal district court case in the District of New Mexico, the court did note that a plaintiff bringing an action for trespass must have an exclusive, possessory interest in land.  New Mexico v. General Electric Co., 335 F.Supp.2d 1185, 1232 (D.N.M. 2004).  However, the court cited general principles of trespass from a treatise rather than any case law from New Mexico for the requirement of an exclusive, possessory interest, and New Mexico cases suggest that the possession need not be exclusive.  See Pacheco v. Martinez, 636 P.2d 308, 312 (N.M. App. 1981) (to maintain an action of trespass, a plaintiff must have been in actual or constructive possession of the land at the time).  Moreover, the issue in that case was whether the state, as sovereign public trustee of water resources in the state acting in its role as *parens patriae*, had a sufficient possessory interest in groundwater to bring an action for trespass based on contamination of that water.  General Electric Co., 335 F.Supp.2d at 1232.  The court concluded that the state's interests were not the type of ownership interests protected by the law of trespass.  Id. at 1235.  The court was clearly not addressing an ownership interest such as an

---

(affirming the trial court's ruling that a surface owner committed trespass by interfering with an easement) reversed in part on other grounds by Roaring Fork Club, L.P. v. St. Jude's Co., 36 P.3d 1229 (Colo. 2001) (reversing appellate court's determination with regard to the permissible parameters of injunctive relief); Oliphant v. McCarthy, 617 N.Y.S.2d 555 (N.Y. App. Div. 1994) (holding that a claim for infringement of easement sounds in trespass); Langhorst v. Rietmiller, 368 N.E.2d 328 (Ohio App. 1977) (concluding that surface owner's fences obstructing an easement were a continuing trespass); Pritchard v. Fields, 45 S.E.2d 575 (N.C. 1947) (addressing a claim for trespass for interference with an easement); Moundsville Water Co. v. Moundsville Sand Co., 19 S.E.2d 217, 220 (W.Va. 1942) (discussing surface owner's interference with an easement as a trespass); Schmoele v. Betz, 61 A. 525 (Pa. 1905).

easement, and the analysis in General Electric is not readily applicable to the circumstances in this case.

Plaintiff cites to Pacheco, 636 P.2d at 312 to support its argument that an action for trespass to real property is a proper method of enforcing its right to use the surface estate with regard to its oil and gas lease. As noted, the court in Pacheco concluded that a plaintiff bringing an action for trespass need only have constructive possession of the land. Id. Plaintiff also cites to Harrington v. Chavez, 196 P. 320 (N.M. 1921) for the proposition that exclusive possession is not required to bring an action for trespass. These cases do not help Plaintiff, however, because New Mexico case law clearly states that the surface rights under an oil and gas lease are best characterized as an easement, Kysar, 93 P.3d at 1278, and easements are non-possessory interests, Hernandez, 759 P.2d at 1019. Thus, Plaintiff had no possessory interest in the surface estate, constructive or otherwise.

This does not end the inquiry, however, because Plaintiff's interests were created through an oil and gas lease on state lands. The state statutes for oil and gas leases of state lands, N.M. Stat. Ann. 1978 §§ 19-10-1 et seq., are within Chapter 19 of the New Mexico Statutes Annotated which is entitled "public lands" and within Article 10 which is entitled "Lease of Oil and Gas Lands." Also within Chapter 19 is a statutory provision which is entitled "Duty of lessee of state lands to protect from waste or trespass" and states:

> Every lessee of state lands shall protect the land leased by him from waste or trespass by unauthorized persons, and failure so to do shall subject his lease to forfeiture and cancellation . . . and the attorney general may bring suit for damages cause by any such waste or trespass.

N.M. Stat. Ann. 1978 § 19-6-5.

In <u>Lea County Water Co. v. Reeves</u>, 89 P.2d 607, 610 (N.M. 1939), the New Mexico Supreme Court held that the rights to state land of a state tenant with a grazing lease were not absolute and were subject to the paramount rights of an easement across the state lands. Subsequently, in <u>Sproles v. McDonald</u>, 372 P.2d 122, 124-25 (N.M. 1962), the court held that a lessee of state lands for grazing purposes could sue for trespass. In reaching this holding, the court noted the statute requiring state lessees to protect state lands from trespass.

Plaintiff argues that a state lessee's statutory duty to protect state lands from trespass gives it the right to bring a claim of common law trespass for trespass to the surface of the Sandpoint lease. However, Plaintiff is not leasing the surface of the state lands for which it holds oil and gas leases. Thus, Section 19-6-5 does not impose on Plaintiff a duty to protect the surface estate from trespass and cannot give it a sufficient possessory interest in the surface estate to bring a cause of action for trespass to the surface.

I conclude that Plaintiff does not have a claim for common law trespass to real property for Defendants' alleged trespass to the surface of the Sandpoint lease. However, I conclude that Plaintiff does have a claim for common law trespass to personal property. In <u>Roberts v. Trujillo</u>, 1 P. 855, 856 (N.M. 1884), the Supreme Court of the Territory of New Mexico concluded that the owner of an easement could not enforce his rights through an action of ejectment, forcible entry or detainer because these causes of action require that a plaintiff have ownership or possessory interest in the land. The court further concluded that the proper cause of action for enforcement of rights under an easement was an "action on the case." <u>Id.</u> As with several of the cases I cited from other jurisdictions, the <u>Roberts</u> case was decided before modern notice pleading, but <u>Roberts</u> does stand for the proposition that, had the plaintiff pleaded "case" rather

11

than ejectment, detainer or forcible entry, he would have had a cause of action to enforce his rights.

In Texas-New Mexico Pipeline Co. v. Allstate Constr., Inc., 369 P.2d 401, 402 (N.M. 1962), an easement owner sought damages resulting from trespass. The Supreme Court of New Mexico proceeded to analyze the case as a trespass to personalty, also referred to as trespass to chattels. Id. The court apparently had no difficulty reading the plaintiff's cause of action as stating a claim for trespass to chattel to enforce its rights under an easement, and the court spent no time worrying over the minutiae of the actual formal words used to plead the cause of action.[8]

These cases lead me to conclude that, under modern pleading standards, Plaintiff here has sufficiently pleaded a cause of action to protect its interest in using the surface estate pursuant to the oil and gas lease by pleading "trespass." Whether or not it had a possessory interest in the land itself, it certainly had a possessory interest in the chattel associated with its use of the land. It cannot reasonably be argued that Plaintiff had no possessory interest in the pit, and Plaintiff may bring a claim of trespass to protect its rights with regard to the pit.

II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF STATUTORY TRESPASS

Defendants urge they are entitled to summary judgment with regard to Plaintiff's claim for statutory trespass. The trespass statute states:

> In the event any person enters upon the lands of another without prior permission
> and injures, damages or destroys any part of the realty or its improvements,

---

[8]See also, Wisconsin Tel. Co. v. Reynolds, 87 N.W.2d 285 (Wisc. 1958) (surface owner who graded his property knowing of the danger of breaking an underground cable placed in the land pursuant to an easement committed a trespass on the easement owner's personal property); Mapco v. Ratliff, 528 S.W.2d 622 (Tex. App. 1975) (suit by pipeline easement owner against surface owner for pipeline puncture raised issue of trespass to personalty).

> including buildings, structures, trees, shrubs or other natural features, he shall be liable to the owner, lessee or person in lawful possession for damages in an amount equal to double the amount of the appraised value of the damage of the property injured or destroyed.

N.M. Stat. Ann. 1978 § 30-14-1.1(D). The trespass statute is entitled "Types of trespass; injury to realty; civil damages." N.M. Stat. Ann. 1978 § 30-14-1.1.

In <u>Hartman v. Texaco, Inc.</u>, 937 P.2d 979, 983 (N.M. App. 1997), the court held that the trespass statute did not abolish common law trespass but provided additional remedies for certain trespasses. While acknowledging that the owner of the subsurface minerals had a cause of action for common law trespass for a trespass beneath the surface of the land, the court held that the trespass statute does not provide an additional remedy for subsurface trespass. <u>Id.</u> Thus, the reach of the trespass statute is "not necessarily as expansive as the full reach of the common law." <u>Id.</u>

Plaintiff's interest in the subsurface mineral estate is a possessory interest in real property. <u>Christy</u>, 691 P.2d at 62; <u>Maralex Resources, Inc. v. Gilbreath</u>, 76 P.3d 626, 630 (N.M. 2003). However, Plaintiff does not allege that Defendants trespassed on the subsurface mineral estate, and, even if this were alleged, <u>Hartman</u> makes clear that the trespass statute does not provide a remedy for a subsurface trespass.

Plaintiff does allege a trespass to the surface estate. However, Plaintiff does not have a possessory interest in the surface, but only a right to use the surface in a manner that is characterized in New Mexico as an easement. <u>Kysar</u>, 93 P.3d at 1278. While Plaintiff may bring a common law claim of trespass to chattels to vindicate an interference with its rights to use the surface estate, the trespass statute does not provide a remedy for trespass to personal property

13

because it is clearly limited to "injury to realty."  N.M. Stat. Ann. 1978 § 30-14-1.1.  Thus, Defendants are entitled to summary judgment on Plaintiff's claim for statutory trespass and I need not address Defendants' argument that their entry onto the Sandpoint lease was permissive.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment as to NGX Company's Claims for Common Law Trespass and Statutory Trespass (Doc. 128) is hereby GRANTED IN PART with regard to Plaintiff's claim of Statutory Trespass and that claim is hereby dismissed.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment as to NGX Company's Claims for Common Law Trespass and Statutory Trespass (Doc. 128) is hereby DENIED IN PART with regard to Plaintiff's claim of common law trespass.

_____
UNITED STATES DISTRICT JUDGE